IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 03-cv-02564-MSK-MEH

AHMED MOHAMMAD AJAJ,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
ROBERT A . HOOD,
C. CHESTER,
J. ZUERCHER,
THOMAS G. WERLICH,
MARK C. COLLINS,
LES SMITH,
LISA BRAREN,
T. CARPENTER and
 "FNU" HUGHSTON,

    Defendants.

_____

**OPINION AND ORDER DENYING MOTION TO ALTER JUDGMENT**
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Motion to Alter

Judgment[1] **(# 233)**, and the Defendants' response **(# 241)**.

**BACKGROUND**

As relevant here, the Plaintiff filed a Third Amended Complaint **(# 157)**, which the Court

deems effective as of December 23, 2004, the date it was tendered. The Defendants moved

---

[1] The Plaintiff previously filed two motions for extension of time **(# 224, 228)** to file the instant motion. Because the Plaintiff has now filed the substantive motion, the Court denies the motions for extension of time as moot.

1

**(#166)** to dismiss the Third Amended Complaint on the grounds that it contained unexhausted claims in violation of the Prisoner Litigation Reform Act, 42 U.S.C. 1997e(a). Although the burden of establishing exhaustion is on the Plaintiff, *see Steele v. Federal Bureau of Prisons,* 335 F.3d 1204, 1210 (10th Cir. 2003), by Order of March 24, 2005 **(# 183)**, the Court directed that the Defendants[2] file a supplement to their motion that cataloged what they believed to be the relevant grievances filed by the Plaintiff. The Defendants did so **(# 190)**, identifying (but not attaching) several grievances arguably relevant to each claim. The Plaintiff responded **(# 193)**, filing a lengthy brief and affidavit, along with copies of more than 20 grievances. The Defendants filed a reply **(# 198)**, and the Plaintiff filed a sur-reply **(# 200)**.

By Order dated October 19, 2005 **(# 222)**, this Court found that the Plaintiff had failed to demonstrate that he had exhausted Claims 1, 2, and 10 of his Third Amended Complaint, and, as a result, dismissed the Third Amended Complaint in its entirety without prejudice. *Ross v. County of Bernalillo*, 365 F.3d 1181, 1189-92 (10th Cir. 2004). The discussion of the facts and law in that Order are deemed incorporated herein by reference.

The Plaintiff then filed the instant Motion to Alter Judgment **(# 233)**, contending that: (i) with regard to Claim 2, the Court failed to consider certain additional grievances beyond those cited in the Court's opinion; (ii) the Court erred in considering Claim 10 unexhausted because of

---

[2] In reversing the typical burden of production, the Court intended to accomplish two goals. First, forcing the Defendants to specifically identify those grievances that arguably exhausted claims would help focus any issues relating to those grievances for subsequent briefing. Second, by requiring the Defendants to make the first pass through the Plaintiff's lengthy grievance record, the Court intended to ensure that the *pro se* Plaintiff had the maximum opportunity to identify the relevant grievances that exhausted his claim. In other words, he could first review those grievances identified by the Defendants and then, to the extent he believed he had additional relevant grievances, could fill any gaps in the Defendants' list.

the Plaintiff's failure to request a Confiscation Form, because the Defendants did not raise the issue of the form and thus, the Plaintiff did not address it; because the Plaintiff is not obligated to obtain a form in order to completely exhaust Claim 10; and the Plaintiff did actually obtain the form and "resolved the issue," apparently by submitting the forms; (iii) that the Court failed to interpret the Plaintiff's pleadings liberally; and (iv) that Claim 1 was intended to be asserted only by the Plaintiff's former co-Plaintiff, not the Plaintiff himself; that the Court erred in finding that the Plaintiff failed to preserve issues raised in Steps 1 and 2 of grievance no. 290668 when he appealed that grievance to Step 3; the Defendants did not allege a defect at the Step 3 level of grievance no. 290668 in their motion; and that the Court failed to consider certain additional grievances with regard to Claim 1.

## ANALYSIS

### A. Standard of review

Whether the Plaintiff's motion is deemed to be one made pursuant to Fed. R. Civ. P. 59(e) or 60(b), the controlling standard is essentially the same: the motion is appropriate where the Court has misapprehended the facts, a party's position, or the controlling law, not to revisit arguments that could have been made in the prior briefing. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). As it has always done, the Court construes the Plaintiff's *pro se* pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

### B. Exhaustion of Claim 2

The Plaintiff's motion first addresses Claim 2, and the Court will thus turn its attention to that claim. The Court previously found that the Plaintiff had exhausted this claim with regard to

the Bureau of Prisons generally, but had not exhausted the claim with regard to any of the individual Defendants who had allegedly violated his rights. In the instant motion, the Plaintiff alleges that the Court failed to consider grievances no. 314517, 317630, and 348876 with regard to this claim. None of the cited grievances alter the Court's conclusion that the Plaintiff has failed to indicate that he has exhausted Claim 2 against any of the individual Defendants. Grievances 314517 and 317630 refer generally to "the Administration," and make no mention of any individual who has violated the Plaintiff's rights. Grievance 348876 makes a general reference to "the Warden, A.W. (P), A.W. (O)" as violating the Plaintiffs rights, and mentions a "Chaplain Keith" who may have been involved in a religious deprivation that is not alleged in the Third Amended Complaint. None of the grievances, separately or together, is sufficient to exhaust Claim 2 against any of the numerous individual Defendants named in the Third Amended Complaint.

Arguably, Claim 2 alleges the type of "systemic" violations for which exhaustion against individuals is unnecessary. *Johnson*, *supra*. However, grievance no. 348876 clearly indicates that the Plaintiff can identify certain specific individuals who have engaged in acts that he considers deprivations of his rights, and as against identifiable individuals, exhaustion is mandated. One might also argue that the Third Amended Complaint does not purport to assert Claim 2 against any particular individual Defendants. Notably, there is no specific allegation of personal participation by any of the individual Defendants in any of the allegations underlying Claim 2.

Thus, if the remainder of the Third Amended Complaint were properly exhausted, the Court would treat Claim 2 as asserted only against the Bureau of Prisons and adequately exhausted.[3]

### C. Exhaustion of Claim 10

The Plaintiff's next set of arguments concern Claim 10. Claim 10 in the Third Amended Complaint alleges that the Defendants confiscated certain items of the Plaintiff's personal property without affording him due process. Upon reviewing the grievances filed by the Plaintiff, the Court found that the Bureau of Prisons did not consider the Plaintiff to have exhausted his remedies because the Plaintiff had never obtained and completed a Confiscation Form. In the instant motion, the Plaintiff raises three arguments: (i) that he did not address the existence of the Confiscation Form because the Defendants had not previously raised it; (ii) that a Confiscation Form is not required to exhaust administrative remedies with regard to seized property; and (iii) that the Plaintiff has exhausted his remedies by filing Confiscation Forms.

The Court finds the first argument unavailing. As stated previously, exhaustion of remedies is an element of the Plaintiff's claim, and it is the Plaintiff's burden to establish that he has exhausted his remedies.[4] *Steele*, 355 F.3d at 1210. Although the Court held the Defendants to a higher burden of specificity in their initial motion than would ordinarily be required of a

---

[3] Of course, the Plaintiff's claim, arising under *Bivens*, cannot be asserted against the Bureau of Prisons as an entity, but must be asserted against the particular individuals who have violated the Plaintiff's rights. *Steele*, 355 F.3d at 1214, *citing Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001). Thus, the fact that the Plaintiff exhausted Claim 2 as against the Bureau of Prisons, but not as against any individual employee, makes the viability of the claim somewhat doubtful in any event.

[4] Indeed, in this Circuit, the Plaintiff must "attach a copy of the applicable administrative dispositions to the complaint" in order to satisfy this requirement. *Steele,* 355 F.3d at 1210. The Plaintiff did not do so, and the Court could have dismissed the Third Amended Complaint *sua sponte* on this ground alone.

defendant moving to dismiss claims as unexhausted, this did not relieve the Plaintiff of his legal obligation to establish the exhaustion of every challenged claim. Accordingly, the Court did not err in finding that the Plaintiff had not carried his burden of showing Claim 2 was exhausted, even though the Defendants did not specifically discuss the Confiscation Form in their motion.

The Plaintiff's second argument is that, under Bureau of Prisons regulations, obtaining and filing a Confiscation Form is not necessary to exhaust the available administrative remedies regarding property confiscation. The Plaintiff cites Bureau of Prisons Policy No. 1330.13 in support of this contention, but does not attach a copy of the policy. The Court has reviewed what appears to be Policy No. 1330.13 at the Bureau of Prisons' website,[5] and it appears that policy merely restates the terms of the Administrative Remedy program found at 28 C.F.R. § 542.10 *et seq.* In essence, then, the Plaintiff's argument is that the Administrative Remedy program does not require exhaustion when a confiscation of property is alleged. Nothing in the program appears to exempt grievances relating to property confiscation. The program requires submission of a grievance for any "issue of concern," 28 C.F.R. § 542.13(a), and provides for certain specified exceptions in which the first two steps of the grievance procedure are waived. 28 C.F.R. § 542.14(d). Nothing in the program specifically exempts property confiscation issues from the program. Indeed, the Bureau of Prison's response to the Plaintiff's grievance concerning the confiscation of his property – that the grievance was denied because the Plaintiff had not obtained and filed a Confiscation Form – indicates that the Bureau of Prisons understood that there were administrative requirements the Plaintiff had yet to fulfill before exhausting the matter.

---

[5]http://www.bop.gov/policy/progstat/1330_013.pdf

Accordingly, the Court rejects the Plaintiff's argument that he did not need to file a Confiscation Form to fully exhaust Claim 10.

Finally, the Plaintiff argues that Claim 10 has been exhausted, because he obtained a Confiscation Form. Specifically, the Plaintiff states "Contrary to this honorable court's findings, Plaintiff did obtain a Confiscation Form and resolved the issue of the Confiscation Form informal. (Please see Ex. 2)." Exhibit 2 consists of grievance form no. 357145-F1, in which the Plaintiff requests "to be provided with proper response to my cop-outs. . . I sent two cop-outs to Mr Carpenter [ ] concerning some of my property . . . but he failed to respond to my cop-outs." A notation on the form by the Plaintiff, dated November 10, 2004, states "I withdraw this BP-9 to give Mr. Carpenter the opportunity to resolve this BP-9 informally." The Court finds that this submission is insufficient to demonstrate that Claim 10 – which seeks relief from the confiscation of the Plaintiff's property, not the opportunity to submit a Confiscation Form – has been fully exhausted. On its face, grievance no. 357145 only requests a response to the Plaintiff's "cop-outs," not the return of the confiscated property itself. Even assuming that the grievance was fully resolved at Step 1 – apparently by Defendant Carpenter[6] responding to the "cop-outs" and/or providing a Confiscation Form – the exhaustion of no. 357145 does not suffice to exhaust Claim 10 here, which alleges that his property was improperly confiscated. Accordingly, the Court affirms its determination that the Plaintiff did not adequately exhaust Claim 10.

---

[6]The Court assumes the "Mr. Carpenter" referenced in the grievance is Defendant T. Carpenter.

### D. Exhaustion of Claim 1

Finally, the Plaintiff alleges that the Court erred in finding Claim 1 unexhausted. In the Third Amended Complaint, Claim 1 asserts that he was deprived of a liberty interest without due process when he was transferred to ADX without first having a hearing, and that he is deprived of due process by the absence of procedures relating to a "step-down" program. In its prior Order, the Court found that the Plaintiff had initially grieved the lack of a pre-transfer hearing, but had not pursued that claim on subsequent appeals.[7] In the instant motion, the Plaintiff raises several arguments: (i) that Claim 1 was intended to be asserted only by the Plaintiff's former co-Plaintiff, not the Plaintiff himself; (ii) that the Court erred in finding that the Plaintiff failed to preserve issues raised in Steps 1 and 2 of grievance no. 290668 when he appealed that grievance to Step 3; (iii) that the Defendants did not allege a defect at the Step 3 level of grievance no. 290668 in their motion; and (iv) the Court failed to consider certain additional grievances with regard to Claim 1.

With regard to the first argument, although the Plaintiff contends that Claim 1 was only intended to be asserted by his former co-Plaintiff, at no time prior to the Court's ruling did the Plaintiff ever manifest an intention to withdraw Claim 1. To the contrary, the Plaintiff vigorously defended Claim 1 in his response to the Defendants' motions, rather than stating at that time his intent to have the claim dismissed. The Court finds that his current argument that he never intended to assert Claim 1 on his own behalf is disingenuous.

---

[7]The Court also found that a second grievance that did appear to exhaust the pre-transfer hearing issue was not exhausted prior to the filing of the Third Amended Complaint, and thus, did not satisfy 42 U.S.C. § 1997e(a)'s requirement that exhaustion be completed <u>before</u> a lawsuit is filed.

The Plaintiff's second argument is that grievance no. 290668 exhausted Claim 1. He contends that his Step 3[8] appeal of that grievance was sufficient to exhaust his claim that he was entitled to a pre-transfer hearing because his Step 3 appeal contends, among other things, that his transfer was "arbitrary." The Plaintiff is correct that he used the term "arbitrary" in his Step 3 appeal, but is incorrect that the use of that term alone is sufficient to alert the Defendants that the grievance was challenging the deprivation of a pre-transfer hearing. Notably, the Plaintiff's Step 3 appeal closed with this request for relief: "I respectfully request the removal of all false information along with a transfer to an appropriate facility that meets my medical needs." Without some additional degree of clarity by the Plaintiff, there is no reason to assume that the Defendants would interpret the Plaintiff's complaint of an "arbitrary" transfer to relate to anything other than the oft-repeated fact that "false information" was used to justify transferring the Plaintiff to ADX. Thus, because the Plaintiff's Step 3 appeal gave no notice to the Defendants that the Plaintiff was asserting an entitlement to a pre-transfer hearing, the Court was correct in deeming Claim 1 to be unexhausted.

The Plaintiff further argues that he was not required to repeat all of his allegations from prior steps when filing his Step 3 appeal, as copies of the prior grievances and determinations are necessarily attached. The Plaintiff is correct that he must attach a copy of his Step 2 grievance to his Step 3 appeal, 28 C.F.R. § 542.15(b)(1), but nothing in the Administrative Remedy

---

[8]The Court notes a potentially confusing nomenclature in its prior order. After noting that the Administrative Remedy Procedure had four steps, culminating in an appeal to the General Counsel at Step 4, it proceeded to discuss the Plaintiff's failure to exhaust grievance no. 290668 by referring to defects in his appeal to the General Counsel as occurring at Step 3. For purposes of continuity with the prior order, the Court will continue to refer to the Plaintiff's General Counsel appeal as Step 3 for purposes of this ruling.

9

Procedure indicates that such attachment incorporates all of the prior Step 2 arguments by reference. Indeed, were that the case, there would be no reason for the Plaintiff to write in anything on his Step 3 appeal form, as his Step 2 grievance was denied in its entirety. The fact that the Plaintiff extensively detailed the basis for his appeal suggests that he did not believe that attaching the Step 2 response was sufficient to re-assert all of his prior arguments from that step. Thus, the Court rejects the argument that his Step 2 contentions were incorporated by reference in his Step 3 grievance.

For the reasons stated previously, the Court also rejects the Plaintiff's argument that the Defendants did not raise the omission of the due process claim in Step 3 as a grounds for dismissal in their motion. Because the Plaintiff bears the burden of demonstrating exhaustion in order to state a claim, it was incumbent upon the Plaintiff to show that Claim 1 had been exhausted in its entirety, regardless of the arguments put forward by the Defendants.

Finally, the Plaintiff contends that grievances no. 286714, 302265, 317901, and 319722 also exhaust Claim 1. The Court has reviewed these grievances, all of which relate to complaints by the Plaintiff about the conditions of his confinement at ADX. None of these grievances fully exhaust his claim that he was entitled to a hearing prior to his transfer to ADX. Accordingly, the Court affirms its prior ruling that the Plaintiff failed to exhaust Claim 1.

## **CONCLUSION**

For the foregoing reasons, the Plaintiff's Motion to Alter Judgment **(# 233)** is **DENIED**.

The Plaintiff's Motions for Extension of Time **(# 224, 228)** are **DENIED AS MOOT**.

Dated this 23d day of June, 2006

                                       **BY THE COURT:**

                                       */s/ Marcia S. Krieger*

                                       Marcia S. Krieger
                                       United States District Judge